UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF TAMPA, ex rel.
Bradley Toston,

    Plaintiff,

v.                                          CASE NO.:

D&M ASSETS 1 LLC,
a Florida Limited Liability Company,
STEVEN P. WEDGE, and
LEI XUAN WEDGE,

    Defendants.
_____/

## COMPLAINT

The CITY OF TAMPA, ex rel. Bradley Toston, for its complaint against D&M ASSETS 1 LLC, a Florida Limited Liability Company, STEVEN WEDGE and LEI XUAN WEDGE, alleges as follows:

### NATURE OF THE ACTION

1. The City of Tampa, ex. rel. Bradley Toston, brings this action to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. § 3601 *et seq.*, the Florida Fair Housing Act § 760.20 *et. seq.*, and § 12-71 *et. seq.*, Tampa Code of Ordinances.

2. The City of Tampa brings this action for monetary damages, injunctive relief, and other statutory relief pursuant to 42 U.S.C. § 3612(o), § 760.34 Fla. Stat. (2022), and § 12-113, Tampa Code of Ordinances, on behalf of Bradley Toston.

3. The City of Tampa alleges that the Defendants discriminated in the rental of a dwelling and in the terms and conditions of tenancy based on tenant's disability by refusing to make reasonable accommodations in rules, policies, practices or services when such accommodations were necessary to afford a person equal opportunity to enjoy a dwelling, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1), (f)(2), and (f)(3)(B), § 760.23 Fla. Stat (2022), and § 12-82 Tampa Code of Ordinances.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to § 28 U.S.C. 1331, 1345, and § 42 U.S.C. 3612(o).

5. This Court has supplemental jurisdiction pursuant to § 28 U.S.C. 1367 to hear and determine Plaintiff's state law claims herein because the claims are so related to claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the actions or omissions giving rise to the claims occurred in this District and because Defendants reside in this District.

## PARTIES

7. Plaintiff, CITY OF TAMPA, ("Plaintiff" or the "City") is a local government entity authorized to enforce Title VIII of the Civil Rights Act of 1968, as

2

amended, 42 U.S.C. § 3601 *et. seq.*, The Florida Fair Housing Act, § 760.20 *et. seq.*, and its own laws, including the City of Tampa Human Rights Ordinance, Tampa Code of Ordinances, Chapter 12, Article IV, § 12-71 *et seq.*

8. Bradley Toston ("Plaintiff" or "Mr. Toston") is a natural person. At all times material hereto, Mr. Toston has resided in Hillsborough County, Florida. At all times material hereto, Mr. Toston qualified as a person with a disability as defined by the Fair Housing Act, 42 U.S.C. § 3602(h), § 760.22 Fla. Stat. (2022), and §12-72 Tampa Code of Ordinances.

9. Defendant, D&M ASSETS 1 LLC ("D&M") is a Florida Limited Liability Company with a principal address in Tampa, Hillsborough County, Florida. D&M is an active and current corporate entity which operates and exists in Florida and is subject to the laws of Florida. D&M conducted extensive business activities in Tampa, Hillsborough County, Florida, including but not limited to the ownership, management and operation of the single-family rental residence located at 19224 Autumn Woods Avenue, Tampa, Florida 33647.

10. Defendant, STEVEN P. WEDGE ("Steven P. Wedge"), is and was at all times material hereto an owner and director, or agent of, D&M, is a resident of Hillsborough County, Florida. and is *sui juris*. Steven P. Wedge is and was at all times material hereto a property manager at, or agent of, D&M, and has and had authority, either actual or implied, to bind D&M.

11. Defendant, LEI XUAN WEDGE ("Lei Xuan Wedge"), is and was at all times material hereto an owner and director, or agent of, D&M, is a resident of

3

Hillsborough County, Florida. and is *sui juris*. Lei Xuan Wedge is and was at all times material hereto a property manager at, or agent of, D&M, and has and had authority, either actual or implied, to bind D&M.

12. At all times material hereto D&M has owned, managed, and operated a single-family rental residence located at 19224 Autumn Woods Avenue, Tampa, Florida 33647 (the "Subject Property"), a "dwelling" as defined by the Fair Housing Act, 42 U.S.C. § 3602(b), § 760.22 Fla. Stat. (2022), and §12-72 Tampa Code of Ordinances, that is not exempt under either the Fair Housing Act, Florida Fair Housing Act or the City of Tampa Human Rights Ordinance, Tampa Code of Ordinances.

## FACTUAL ALLEGATIONS

13. On or about May 3, 2019, Mr. Toston toured the Subject Property for the prospect of entering into a lease agreement for the rental of the Subject Property as his dwelling.

14. During the tour, Mr. Toston informed Lei Xuan Wedge of his disability and his need for his medical service dog.

15. Mr. Toston's medical service dog is a German Shepard named "Kai." Kai was paired with Mr. Toston by Guardian Angels Medical Services Dogs, Inc., after Kai successfully completed general training and training specifically designed to mitigate the challenges of Mr. Toston's disability.

16. Lei Xuan Wedge advised Mr. Toston that pets were not allowed.

17. When Mr. Toston explained to Lei Xuan Wedge that Kai was not a pet but was instead a service animal, Lei Xuan Wedge advised that she would consider allowing the dog under the conditions that Mr. Toston made a pet deposit together with a security deposit equal to two month's rent.

18. Mr. Toston objected to the additional charge again explaining that Kai was not a pet but was instead a service animal.

19. On or about May 6, 2019, Lei Xuan Wedge provided Mr. Toston with a "Residential Rental Application" and advised of an application fee of $100.00; however, Lei Xuan Wedge cautioned Mr. Toston not pay the application fee until she reviewed the application and instructed him to make payment of same.

20. Lei Xuan Wedge subsequently advised Mr. Toston that pre-payment of one-year's rent in addition to a pet deposit and a security deposit equal to two month's rent would be required as part of the rental agreement.

21. By imposing the aforesaid conditions upon Mr. Toston's rental of the dwelling, Defendants denied Mr. Toston's request for reasonable accommodation.

22. In reckless disregard of, and complete indifference for, Mr. Toston's medical condition and rights both granted and protected by the Fair Housing Act and City of Tampa Human Rights Ordinance, Mr. Toston's request for reasonable accommodation was denied.

23. As a result of Defendants' unlawful denials of Mr. Toston's requests for reasonable accommodation, Mr. Toston suffered damages.

24. Mr. Toston made a complaint to the Tampa Office of Human Rights ("TOHR").

25. TOHR serve as a federally qualified equivalent program authorized to act on behalf of the United States Department of Housing and Urban Development ("HUD").

26. Through the TOHR, the City provides the public with the opportunity to file discrimination complaints in the areas of employment, housing, and public accommodations on behalf of both HUD and the United States Equal Employment Opportunity Commission.

27. The TOHR coordinates educational outreach activities in an effort to inform the public, housing providers, nonprofit agencies, and business owners about human rights issues. The TOHR makes available workshop presenters to speak on topics including, but not limited to, fair housing (*i.e.*, reasonable accommodations, modifications, use of criminal records, *etc.*).

28. The TOHR's time and scarce resources have been severely diverted and its mission frustrated in order to address the allegations outlined in this Complaint and has resulted in expenditures which should have been used to affirmatively further fair housing without the cost of litigation.

29. The TOHR has been, and continues to be, adversely affected by the discriminatory acts, policies, and practices of the Defendants.

30. In this instance, the TOHR reviewed Mr. Toston's complaint, made a thorough investigation of the complaint, and determined that "Reasonable Cause"

existed to believe that Defendants engaged in unlawful and discriminatory housing practices in violation of the Fair Housing Act and City of Tampa Human Rights Ordinance.

31. As a direct and proximate result of Defendants' refusal to accommodate Mr. Toston, he has suffered irreparable loss and injury including but not limited to loss of housing opportunities, actual damages, humiliation, emotional distress, and deprivation of his right to equal housing opportunities regardless of disability.

32. Consistent with the foregoing, Plaintiff seeks actual and consequential damages, jointly and severally, against Defendants, for Defendants' discriminatory actions against Mr. Toston by virtue of the refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations were necessary to afford Mr. Toston an equal opportunity to rent a dwelling and the aforesaid having caused the actual damages to Mr. Toston alleged below.

33. Plaintiff has complied with all necessary conditions precedent to the bringing of this action, or such conditions precedent have been waived.

## PROCEDURAL BACKGROUND

34. On or about June 14, 2019, Mr. Toston dual filed a complaint with the United State Department of Housing and Urban Development through the City of Tampa Office of Human Rights, receiving the following case numbers: HUD 04-19-7479-8 and TOHR 19-0010.

35. As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), and § 12-111 Tampa Code, the City administrator ("administrator"), conducted an

7

investigation of the complaint made by Mr. Toston, attempted to conciliate, and prepared a final investigative report.

36. Based on the information gathered by the TOHR investigation, the administrator pursuant to 42 U.S.C. § 3610(g) and §12-111 Tampa Code of Ordinances determined that reasonable cause existed to believe that illegal discriminatory housing practices by Defendants occurred. This determination was upheld by the City of Tampa Human Rights Board.

37. On April 19, 2021, the administrator issued a Notice of Determination of Reasonable Cause and subsequently, on April 27, 2021, the administrator issued an Administrative Charge finding that Defendants had committed a discriminatory housing practice under Title VIII of the Civil Rights Act of 1968, as amended, the Fair Housing Act, and Chapter 12 of the City of Tampa Human Rights Ordinance. Violations of Title VIII and Chapter 12 also constitute violations of the Florida Fair Housing Act, § 760.20 *et. seq.*

38. On May 12, 2021, Mr. Toston made his election to have the claims asserted in the Administrative Charge resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a) and §12-112 Tampa Code.

## COUNT I – VIOLATION OF THE FAIR HOUSING ACT, FLORIDA FAIR HOUSING ACT AND CITY OF TAMPA CODE OF ORDINANCES
**(Failure to Provide Reasonable Accommodation)**

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 above as though fully set forth herein.

8

40. In accordance with the Fair Housing Act and Tampa Human Rights Ordinance, it is an unlawful discriminatory practice for any person to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. 42 U.S.C. §§ 3604(f)(1), 3604(f)(2) and 3604(f)(3)(B), § 760.23 Fla. Stat. (2022), and § 12-82, Tampa Code of Ordinances.

41. At all times material hereto, Defendants had actual knowledge of Mr. Toston's disability.

42. Mr. Toston advised Defendants of his disability and his use of a medical service dog to ameliorate difficulties related to his disability.

43. Mr. Toston requested a reasonable accommodation of the pet and pet deposits policies of D&M.

44. Defendants were aware of the use and purpose of the medical service dog subsequent to being advised by Mr. Toston.

45. Such medical service dog was necessary for the equal use and enjoyment of Mr. Toston's dwelling and his use and enjoyment of common and public areas of housing.

46. Defendants refused to allow a reasonable accommodation which was necessary and required due to Mr. Toston's disability.

47. Defendant's failure to modify its existing policies to accommodate the disabilities of Mr. Toston is discriminatory and unlawful.

48. D&M's, Steven P. Wedge's and Lei Xuan Wedge's enforcement of policies that denied reasonable accommodation of Mr. Toston's disability is discriminatory and unlawful.

49. Defendants enforced a policy that conditioned the rental of a dwelling on Mr. Toston's acceptance of a denial of a reasonable accommodation.

50. There was no accommodation requested on behalf of Mr. Toston that would be an undue financial and administrative burden to D&M, which would be a direct threat to any person, or which would be a fundamental alteration in the nature of the programs of the dwelling.

51. D&M, Steven P. Wedge and Lei Xuan Wedge were personally involved in, authorized, and ratified each and every discriminatory act and denial of accommodation for Mr. Toston alleged herein.

52. Further, as a direct and proximate result of Defendants' refusal to accommodate Mr. Toston, he has suffered irreparable loss and injury including but not limited to loss of housing opportunities, actual damages, humiliation, emotional distress, and deprivation of his right to equal housing opportunities regardless of disability.

## COUNT II – VIOLATION OF THE FAIR HOUSING ACT, FLORIDA FAIR HOUSING ACT AND CITY OF TAMPA CODE OF ORDINANCES
**(Failure to Provide Reasonable Accommodation for a Medical Service Animal)**

53. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 above as though fully set forth herein.

54. In accordance with the Fair Housing Act, Florida Fair Housing Act, and Tampa Human Rights Code, it is an unlawful discriminatory practice for any person to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(3)(B), § 760.23(9)(b) Fla. Stat. (2022) and § 12-82(3) Tampa Code of Ordinances.

55. At all times material hereto, Defendants had actual knowledge of Mr. Toston's disability.

56. Mr. Toston advised Defendants of his disability and his use of a medical service dog to ameliorate difficulties related to his disability.

57. Mr. Toston requested a reasonable accommodation of the pet and pet deposits policies of D&M.

58. Defendants were aware of the use and purpose of a medical service dog after being advised by Mr. Toston.

59. Allowing the use of a medical service dog was necessary for the equal use and enjoyment of Mr. Toston's dwelling and his use and enjoyment of common and public areas of housing.

60. Defendants refused to allow a reasonable accommodation which was necessary and required due to Mr. Toston's disability.

61. Defendant's failure to modify its existing policies to accommodate the disabilities of Mr. Toston is discriminatory and unlawful.

62. D&M's, Steven P. Wedge's and Lei Xuan Wedge's enforcement of policies that denied reasonable accommodation of Mr. Toston's disability is discriminatory and unlawful.

63. Defendants enforced a policy that conditioned the rental of a dwelling on Mr. Toston's acceptance of a denial of a reasonable accommodation.

64. There was no accommodation requested on behalf of Mr. Toston that would be an undue financial and administrative burden to D&M, which would be a direct threat to any person, or which would be a fundamental alteration in the nature of the programs of the dwelling.

65. D&M, Steven P. Wedge and Lei Xuan Wedge were personally involved in, authorized, and ratified each and every discriminatory act and denial of accommodation for Mr. Toston alleged herein.

66. Further, as a direct and proximate result of Defendants' refusal to accommodate Mr. Toston, he has suffered irreparable loss and injury including but not limited to loss of housing opportunities, actual damages, humiliation, emotional distress, and deprivation of his right to equal housing opportunities regardless of disability.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands jury trial of all issues triable of right by jury.

## REQUEST FOR RELIEF

WHEREFORE, the City of Tampa on its own behalf and that of Bradley Toston and the HUD, requests that this Court:

1. Declare that Defendant's discriminatory housing practices as set forth above violate the Fair Housing Act;

2. Declare that the actions of Defendant were discriminatory and in violation of the Florida Fair Housing Act F.S. §760.20, *et seq.*

3. Declare that the actions of Defendant were discriminatory and in violation of Chapter 12 of the Tampa Code of Ordinances.

4. Enjoin and restrain Defendants, their officers, employees, agents, successors, and all other persons or corporations in active concert or participation with Defendants, from:

    a. Discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling to any buyer or renter because of disability, in violation of 42 U.S.C. § 3604(f)(1), § 760.23(1) Fla. Stat. (2022) and § 12-82(1) Tampa Code of Ordinances.

    b. Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2), § 760.23(2) Fla. Stat. (2022), and § 12-82(2) Tampa Code of Ordinances; and

    c. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to

afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B), § 760.23(9) Fla. Stat. (2022) and § 12-82(3) Tampa Code of Ordinances.

5. Order Defendants to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no applicants or residents are discriminated against because of disability;

6. Award monetary damages to Complainant pursuant to 42 U.S.C. §§ 3612(o)(3), 3613(c)(1), § 760.35(4), and § 12-113(b) Tampa Code of Ordinances; and

7. Order such additional relief as the interests of justice require.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of August 2022, I electronically filed the foregoing with the United States Court for the Middle District of Florida e-filing portal with electronic notice to all parties and pro se litigants.

Respectfully submitted,

_[signature]_

Carl Brody, B.C.S.
Asst. City Attorney, City of Tampa
Office of the City Attorney
315 E. Kennedy Blvd., 6th Floor
Tampa, FL 33602
p: (813)-274-7179; e: Carl.Brody@tampagov.net