UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF TAMPA, ex rel.
BRADLEY TOSTON,

    Plaintiff,

v.

D&M ASSETS 1 LLC, STEVEN P. WEDGE, and LIE XUAN WEDGE,
    Defendants.
_____

Case No. 8:22-cv-1926-KKM-MRM

## ORDER

The City of Tampa on behalf of Bradley Toston sues D&M Assets 1, LLC, and its owners, Steven P. Wedge and Lie Xuan Wedge, for failing to provide a reasonable accommodation to him in violation of the federal Fair Housing Act (FHA) and the Tampa Human Rights Ordinance. It is not apparent from the face of the complaint that the FHA claims are time-barred, so Defendants' motion to dismiss those counts is denied. But because the statute of limitations has run on the city ordinance claims and there is no tolling provision, Counts III and IV are dismissed.

I. BACKGROUND[1]

In May 2019, Lie Xuan Wedge gave Toston a tour of an apartment owned by Defendants. Am. Compl. (Doc. 24) ¶ 13. Toston notified her that he had a German Shepard service dog named Kai to assist him with his disabilities, but she told him that pets were not allowed. *Id.* ¶ 15–16. When he explained that Kai was not a pet, but was instead a service animal trained to mitigate his challenges, she said that she "would consider allowing the dog under the conditions that Mr. Toston made a pet deposit together with a security deposit equal to two months' rent." *Id.* ¶ 17. Later, she advised that he must prepay a full year of rent, in addition to the pet deposit and two-month security deposit. *Id.* ¶ 20.

Toston then filed a complaint with the Department of Housing and Urban Development (HUD) and Tampa Office of Human Rights on June 14, 2019, and the Office of Human Rights made a reasonable cause determination on April 19, 2021. *Id.* ¶ 34, 37. Toston then elected to have the claims asserted in a federal action on his behalf by the city attorney. *Id.* ¶ 38; Tampa, Fla., Code of Ordinances § 12-112(a)–(b). The city attorney now brings four claims on Toston's behalf for failure to provide a reasonable

---

[1] The Court accepts all the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

accommodation for him and his service dog under the federal FHA and the Tampa Code of Ordinances. *Id.* ¶¶ 39–95.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, the Court accepts all the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

3

"A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

### III. ANALYSIS

Defendants move to dismiss the claims with prejudice as time-barred. MTD (Doc. 25) at 1, 3–4. Because the Court agrees that Counts III and IV are time barred, the motion is granted as to those counts. But because Defendants make no argument in the motion that the federal claims are time-barred, and because it is not clear from the face of the complaint that the statute of limitations has run, the Court denies the motion as to Counts I and II.

#### A. Counts I and II

In Counts I and II, Plaintiff claims that Defendants violated the FHA because they failed to reasonably accommodate Toston's disability when they refused to waive their no-pets policy and pet deposit for his service dog. Am. Compl. ¶¶ 39–66. Though they note that the federal FHA has a two year statute of limitations, Defendants make no argument in their motion why the federal claims are time-barred. *See* MTD. Defendants argue only that the "state and ordinance" claims are time barred. *Id.* at 4. They suggest that all counts should be dismissed because "each of the four counts in the Amended Complaint

4

cite the city code, Florida Statutes, and the Federal Act as a basis for the relief sought." *Id.* The Court disagrees. Plaintiff's amended complaint is not a model of clarity, but it no longer constitutes a shotgun pleading. Though each count references the FHA, Florida Fair Housing Act, and Tampa Human Rights Code, each count is clear which law it cites as the basis for relief. *See e.g.*, Am. Compl. Count I ("Violation of the Fair Housing Act"), Count III ("Violation of the City of Tampa Code of Ordinances"). Thus, the mention of time-barred state and local provisions in the federal counts does not warrant dismissal of those counts.

In their reply to Plaintiff's response to their motion, Defendants raise a new ground not explored in the motion to dismiss. Reply (Doc. 34). They argue that the federal claims are also time-barred because the tolling of the statute of limitations ended in December 2019 when the Office of Human Rights issued a determination of reasonable cause. Reply at 2, 4–5. Ordinarily, the Court will not entertain issues raised for the first time in a reply. *See Herring v. Sec'y Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, 'arguments raised for the first time in a reply brief are not properly before a reviewing court.'" (citation omitted)); *Vargas v. Michaels Stores, Inc.*, No. 8:16-cv-1949, 2017 WL 3174058, at *2 (M.D.Fla., 2017) (Covington, J.) (noting that "district courts ordinarily do not consider new arguments raised in reply briefs"). Because Plaintiff adequately addressed this argument in response to the motion to dismiss and the

5

Court determines it does not warrant dismissal of Counts I and II, the Court will address it.

The FHA provides a two year statute of limitations "after the occurrence or the termination of an alleged discriminatory housing practice" to bring a claim, but "[t]he computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A)–(B). Administrative proceedings are those that follow complaints filed with the Secretary of Housing and Urban Development (HUD). *See* 42 U.S.C. § 3610.

Here, Plaintiff's amended complaint alleges that Toston "dual filed a complaint with the United States Department of Housing and Urban Development through the City of Tampa Office of Human Rights" and he received two separate case numbers, one for the HUD complaint and one for the Tampa Office of Human Rights complaint. Am. Compl. ¶ 34. Plaintiff then explains that the Tampa Office of Human Rights made a determination of reasonable cause in April 2021. *Id.* ¶ 37. Plaintiff makes no allegation in the complaint as to the status of Toston's HUD complaint, but in the response to the motion to dismiss, Plaintiff alleges it is "currently pending." Resp. to MTD (Doc. 28) at 5.

6

Defendants allege that the Tampa Office of Human Rights made its determination in December 2019, not April 2021. Reply at 4. But to dismiss a claim based on the statute of limitations, it must be "apparent from the face of the complaint that the claim is time-barred." *Gonsalvez*, 750 F.3d at 1197. Here, not only is it not apparent from the face of the complaint that the Tampa Office of Human Rights determination was made in December 2019, it also is not apparent from the face of the complaint whether any determination has been made on the HUD complaint. Thus, it is not clear that the administrative proceeding has concluded or that the statute of limitations has begun to run again. Therefore, Defendants' motion to dismiss Counts I and II is denied.

### B. Counts III and IV

In Counts III and IV, Plaintiff claims that Defendants violated Tampa Ordinance § 12-82 because they failed to reasonably accommodate Toston's disability when they refused to waive their no-pets policy and pet deposit. Am. Compl. ¶¶ 67–95. Defendants argue that this claim is barred by the statute of limitations.

Tampa Ordinance § 12-112 allows the city attorney to "commence and maintain[] a civil action on behalf of the aggrieved person in a court of competent jurisdiction," which may "grant . . . any relief which a court could grant" in a civil action brought by the aggrieved person himself. Tampa, Fla., Code of Ordinances § 12-112(b). "Under the provisions of F.S. § 760.35, an aggrieved person may commence a civil action in a court of

7

competent jurisdiction not later than two (2) years after the occurrence or the termination of an alleged discriminatory housing practice." Tampa, Fla., Code of Ordinances § 12-113(a)(1). Unlike the federal FHA, neither this provision nor the cited provision of the Florida Fair Housing Act provides tolling for administrative investigation. *See, e.g, Mahogany v. Barfield Bay Holdings, Inc.*, No. 8:05-cv-714, 2005 WL 1668883, at *2 (M.D. Fla. July 12, 2005) (Moody J.) (dismissing Florida Fair Housing Act and Pinellas County Fair Housing Ordinance claims as time-barred); *Leonard v. McDonald*, 3:19-cv-4823, 2020 WL 4721833, at *3 n.3 (N.D. Fla. June 9, 2020) (Frank, Mag. J.) ("To the extent Plaintiff seeks to raise a claim under the [Florida FHA], this claim should be dismissed insofar as Plaintiff brought this claim more than two years after the alleged discriminatory housing practice occurred."). Here, the statute of limitations began to run in May 2019 when the discriminatory act occurred. Am. Compl. ¶ 13, 19. Without any tolling, it expired in May 2021. Plaintiff did not file the complaint until August 23, 2022, more than a year after the statute of limitations expired. Compl. (Doc. 1).

Plaintiff agrees that "[t]he language of these provisions is clear in providing a two-year statute of limitations for filing a fair housing complaint with the Court." Resp. to MTD at 3. But Plaintiff argues that the federal FHA's tolling provision should apply to these counts because "the City of Tampa as a federally qualified equivalent agency, should receive the same protections as provided for in [the federal tolling provision[]] for its

8

enforcement of City of Tampa Code § 12-113(a)." *Id.* at 6. Presumably the federal tolling statute would apply to Tampa as a federally qualified agency for violations of the federal FHA, but neither the Tampa Code nor the federal FHA purport to apply the federal tolling provisions to city ordinances. *See* Tampa, Fla., Code of Ordinances § 12-113(a)(1); 42 U.S.C. § 3613(a)(1)(B) (applying only "discriminatory housing practices," which are defined in 42 U.S.C. § 3602(f), to include violations of other provisions of the FHA); *see, e.g.*, *Hunt v. Ga. Dep't of Comm. Affairs*, 490 F. App'x 196, 198 (11th Cir. 2012) (per curiam) (explaining that the FHA tolling provision "expressly limits its reach to administrative proceedings concerning discriminatory housing practices made unlawful by the Act itself"). Thus, because there is no tolling of the statute of limitations in the Tampa Code of Ordinances for these claims, Counts III and IV are dismissed with prejudice.

## IV. CONCLUSION

The statute of limitations bars Plaintiff's claims under the Tampa Code of Ordinances. But it is not clear from the face of the complaint that the FHA claims are time-barred. Accordingly, the following is **ORDERED**:

1. Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part.**

2. Counts III and IV of Plaintiff's Complaint are **DISMISSED with prejudice.**

9

3. Defendants must answer Plaintiff's Complaint on Counts I and II by **August 7, 2023**.

**ORDERED** in Tampa, Florida, on July 17, 2023.

_____
Kathryn Kimball Mizelle
United States District Judge