UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRADLEY TOSTON ex rel.,
CITY OF TAMPA,

    Plaintiff,

v.                                                      Case No: 8:22-cv-01926-KKM-MRM

D&M ASSETS 1 LLC, a Florida limited
liability company, STEVEN P. WEDGE,
and LEI XUAN WEDGE,

    Defendants.
_____/

**DEFENDANTS' ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT [DOC. 24]**

Defendants, D&M ASSETS 1 LLC, a Florida limited liability company ("***D&M***"), STEVEN P. WEDGE ("***S. Wedge***"), and LEI XUAN WEDGE ("***L. Wedge***") (***"Defendants"***), by and through their undersigned counsel, answer Plaintiff's, BRADLEY TOSTON, ex rel., CITY OF TAMPA (***"Plaintiff"***) Amended Complaint (Doc. 24), as follows:

**EXECUTIVE SUMMARY**

This Answer is filed in an abundance of caution and not as a consent or waiver of any claim, defense or continuation of this proceeding. The parties have reached

ENGLANDER FISCHER
ATTORNEYS
721 First Avenue North • St. Petersburg, Florida 33701
Phone (727) 898-7210 • Fax (727) 898-7218

eflegal.com

an accord, which has been filed with this Court [Doc. 46] and have requested this Honorable Court to approve the settlement agreement [Doc. 45]. This Court was gracious to give the Defendants an extension of time to file a response until August 21, 2023 [Doc. 39] while the parties work out a settlement agreement. The case has not yet been dismissed and the settlement agreement has not yet been approved. Therefore, the Defendants file this Answer in an abundance of caution to avoid default. Any response not specifically admitted is denied.

## SPECIFIC RESPONSES

1. Admitted that the Amended Complaint seeks to bring such claims, but denied that such claims exist.

2. Admitted that the Amended Complaint seeks to bring such claims, but denied that such relief is appropriate, warranted, permitted, or justiciable.

3. Admitted that the City of Tampa is making allegations of discrimination, but otherwise denied.

4. Admitted that this Court has jurisdiction, but otherwise denied.

5. Denied. Plaintiff's state court claims were dismissed. [Doc. 37].

6. Admitted that the venue is appropriate, but otherwise denied.

7. Admitted.

8. Admitted that Mr. Toston is a natural person. Without knowledge as to whether he resided in Hillsborough County, Florida or qualified as a person with a disability, and therefore denied.

9. Admitted.

10. Denied.

11. Admitted.

12. Admitted that D&M owns a single-family rental dwelling. Otherwise denied.

13. Admitted.

14. Denied as plead.

15. Without knowledge concerning any details concerning Mr. Toston's service animal and therefore denied.

16. Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted that Mr. Toston made a complaint, but otherwise denied.

25. Admitted.

26. Admitted.

27. Admitted.

28. Without knowledge, and therefore denied.

29. Denied.

30. Denied that TOHR made a thorough investigation or determined reasonable cause existed. TOHR voted two against and three in favor of reasonable cause to believe that Defendants had a policy to treat all dogs the same by charging a pet deposit. Not only was there no discrimination, but Mr. Toston was not an aggrieved person as the issue of a pet deposit never came-up because Mr. Toston was not a qualified applicant. Mr. Toston had only recently filed bankruptcy, his income was almost the amount of rent plus utilities, and he recently had a foreclosure. Mr. Toston was a significant credit risk and did not have sufficient income.

31. Denied.

32. Admitted that damages and other remedies are sought, but otherwise denied.

33. Denied.

34. Admitted.

35. Admitted that an investigation was conducted, but denied that it was conducted appropriately. Admitted that there was an attempt to conciliate. Otherwise denied.

36. Denied that TOHR made a thorough investigation or determined reasonable cause existed. TOHR voted two against and three in favor of reasonable cause to believe that Defendants had a policy to treat all dogs the same by charging a pet deposit. Not only was there no discrimination, but Mr. Toston was not an aggrieved person as the issue of a pet deposit never came-up because Mr. Toston was not a qualified applicant. Mr. Toston had only recently filed bankruptcy, his income was almost the amount of rent plus utilities, and he recently had a foreclosure. Mr. Toston was a significant credit risk and did not have sufficient income.

37. Admitted that there was a determination on a vote of two to three that there was reasonable cause for discrimination, but otherwise denied.

38. Without knowledge, therefore denied.

## COUNT I

39. Defendants respond to allegations one through thirty-eight as though fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied as no accommodation was requested. Mr. Toston did not qualify to rent the property due to a bankruptcy, foreclosure and inadequate income.

51. Denied. In particular, Mr. Steven P. Wedge had nothing to do with any portion of rental, never met Mr. Toston, never spoke to Mr. Toston, never reviewed an application, and consulted with Mrs. Wedge about the situation. He does not own any portion of the defendant D&M nor does he have a say concerning applicants.

52. Denied.

## COUNT II

53. Defendants respond to allegations one through fifty-two as though fully set forth herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied. In particular, Mr. Steven P. Wedge had nothing to do with any portion of rental, never met Mr. Toston, never spoke to Mr. Toston, never reviewed an application, and consulted with Mrs. Wedge about the situation. He does not own any portion of the defendant D&M nor does he have a say concerning applicants.

63. Denied.

64. Denied as no accommodation was requested. Mr. Toston did not qualify to rent the property due to a bankruptcy, foreclosure and inadequate income.

65. Denied.

## COUNT III

Count III was dismissed. Therefore no response is required. To the extent any response is required, all allegations are denied.

## COUNT IV

Count IV was dismissed. Therefore no response is required. To the extent any response is required, all allegations are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As a full and complete affirmative defense to Counts I and II, Defendants allege that the claims are barred by the statute of limitations.

### CONCLUSION

WHEREFORE, Defendants pray this Honorable Court will deny all relief requested by Plaintiff and find no liability. Defendants request attorneys fees and costs awarded against the Plaintiff. In particular, this claim was brought against Mr. Steven Wedge without any basis and was not brought in good faith as Mr. Wedge had no communication, activity, presence, decision making, or connection to this action. Mr. Wedge is not an owner of D&M and did not participate in any activity with Mr. Toston.

Dated:  August 21, 2023

ENGLANDER FISCHER

*/s/ David S. Delrahim*
DAVID S. DELRAHIM
Florida Bar No. 66368
Primary: ddelrahim@eflegal.com
Secondary: kfleming@eflegal.com
**ENGLANDER FISCHER**
721 First Avenue North
St. Petersburg, Florida  33731-1954
Tel: (727) 898-7210 /Fax: (727) 898-7218
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I CERTIFY that on this 21st day of August, 2023, a true and correct copy of the foregoing has been electronically filed via CM/ECF which will send a notice to all counsel of record.

Carl Brody, Esquire
Office of the City Attorney
City of Tampa, Florida
315 E Kennedy Blvd 6th Floor
Tampa, FL 33602
Carl.Brody@tampagov.net
Shawny.Tim@tampagov.net
*Counsel for Plaintiff, City of Tampa*

                                          */s/ David S. Delrahim*
                                          DAVID S. DELRAHIM
                                          Florida Bar No. 66368