UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF TAMPA, ex rel.
BRADLEY TOSTON,

    Plaintiff,

v.                                        Case No. 8:22-cv-1926-KKM-MRM

D&M ASSETS 1 LLC, STEVEN P.
WEDGE, and LIE XUAN WEDGE,
    Defendants.
_____

## ORDER

The parties notify the Court that they reached a settlement resolving the above-captioned case but leave untouched any potential personal claim for liability and damages that Mr. Toston may have against Defendants. Notice of Joint Stip. and Mot. to Approve Settlement Agreement (Doc. 45). The parties seek the Court's approval of their settlement agreement. *Id.;* Notice of Filing Settlement Agreement (Doc. 46). The Court declines to do so.

First, the parties acknowledge that nothing in the Fair Housing Act requires court approval of a settlement agreement. Notice of Joint Stip. and Mot. to Approve Settlement Agreement at 6–7. And the Court is especially loathed to do so absent a statutory requirement because settlement agreements are generally a matter of private contract. *See*

*O'Neal v. Am. Shaman Franchise Sys., LLC*, No. 8:20-CV-0936-KKM-AAS, 2022 WL 2663584, at *1–3, *2 n.2 (M.D. Fla. July 11, 2022) (Mizelle, J.) (refusing to extend the judicial-approval requirement for FLSA settlements to non-FLSA claims and urging reconsideration of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). Second, Mr. Toston's rights are not prejudiced by the settlement agreement. As both parties agree, nothing in the settlement agreement precludes Mr. Toston from bringing an individual claim against Defendants for liability and damages. Notice of Joint Stip. and Mot. to Approve Settlement Agreement at 13 ("In the event the settlement agreement is accepted in this matter Mr. Toston is not foreclosed from seeking his own claim for liability and damages."). To be sure, the settlement agreement expressly states that it "does not apply to any individual or personal claims of the Relator, Bradley Toston." Notice of Filing Settlement Agreement at 4. Thus, Mr. Toston's rights remain intact. *See generally Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008).

Accordingly, the parties' Joint Mot. to Approve Settlement Agreement (Doc. 45) is **DENIED**. The Clerk is directed to **STAY** and **CLOSE** this case. Within **60 days** of this order, Plaintiff may submit a stipulated settlement under Federal Rule of Civil Procedure 41(a)(1), move for dismissal under Federal Rule of Civil Procedure 41(a)(2), or move to reopen the action. *See* FED. R. CIV. P. 41(a)(1)–(2). If Plaintiff fails to do any of the above

within sixty days, the case is **DISMISSED without prejudice** for failure to prosecute. *See* Local Rule 3.10.

**ORDERED** in Tampa, Florida, on August 28, 2023.

Kathryn Kimball Mizelle
United States District Judge